50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur LONGWORTH, Petitioner-Appellant,
v.
Robert WRIGHT, Respondent-Appellee.
 No. 94-35664.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Longworth, a Washington state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Longworth was convicted of aggravated first degree murder and sentenced to a term of life imprisonment without the possibility of parole. Longworth contends that a jury instruction so infected his entire trial that it deprived him of his constitutional right to due process. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 Federal courts cannot grant habeas relief for mere state law errors. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Suniga v. Bunnell, 998 F.2d 664, 666 (9th Cir.1993). Federal habeas relief is required only if a faulty jury instruction by itself infects the entire trial to such an extent that the resulting conviction violates due process. McGuire, 502 U.S. at 72; Jeffries v. Blodgett, 5 F.3d 1180, 1195 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). We review an ambiguous instruction to determine whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the constitution. McGuire, 502 U.S. at 72; Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992), cert. denied, 113 S.Ct. 1600 (1993).
 
 
 4
 Here, Longworth challenges the jury instructions on aggravating circumstances. The trial court instructed the jury that in order to convict Longworth of aggravated first degree murder they must find that the murder was committed under one of the following circumstances:
 
 
 5
 (1) in the course of, in furtherance of, or in immediate flight from the crime of kidnapping in the first degree;
 
 
 6
 (2) in the course of, in furtherance of, or in immediate flight from the crime of robbery in the first degree;
 
 
 7
 (3) in the course of, in furtherance of, or in immediate flight from the crime of robbery in the second degree; or
 
 
 8
 (4) with the intent to conceal the commission of a crime, or to protect or conceal the identity of a person committing a crime.
 
 
 9
 The jurors answered special interrogatories in which they stated that they did not unanimously find the first three circumstances but they did unanimously find the fourth circumstance. Longworth argues that since the jury answered "no" to the first three special interrogatories, no crime other than murder could have been committed.
 
 
 10
 Longworth has failed to demonstrate that the jury instructions so infected his trial that his conviction violated due process. See McGuire, 502 U.S. at 72; Jeffries, 5 F.3d at 1195. Under Wash.Rev.Code Sec. 10.95.020(7), the specific crime is not an element that needs to be proved beyond a reasonable doubt. See Jeffries, 5 F.3d at 1195 (discussing same statute). The jury was only required to unanimously agree that Longworth committed the murder to conceal some crime. See id. It was unnecessary for the jury to unanimously agree on the specific crime underlying the aggravating circumstances. See id.; see also Schad v. Arizona, 501 U.S. 624, 639-40 (1991) (holding that state may constitutionally submit two murder theories to jury without requiring unanimity on either theory). Furthermore, it is unlikely that the jury applied the instruction in an unconstitutional manner. McGuire, 502 U.S. at 72; Carriger, 971 F.2d at 334. The jurors' statement that they could not unanimously agree that Longworth committed one of the specific crimes listed in the jury instructions, does not necessarily conflict with the jurors' statement that they unanimously found that Longworth committed the murder to conceal some crime. See Jeffries, 5 F.3d at 1195. Accordingly, Longworth has failed to demonstrate that the jury instructions so infused his trial with unfairness as to deny him due process of law. See McGuire, 502 U.S. at 75; Jeffries, 5 F.3d at 1195.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not consider appellee's argument that any overruling of Jeffries would constitute a new rule that would be barred by Teague v. Lane, 489 U.S. 288 (1989)